# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELISEE EUGENE,**

                              **Petitioner,**

                        **v.**                                                **Case No. 22-CV-1433**

**STATE OF WISCONSIN,**

                              **Respondent.**

## ORDER

Elisee Eugene is again seeking leave to proceed in forma pauperis on appeal. (ECF No. 39.) The court denied similar motions because, when initially seeking leave to proceed without prepayment of the filing fee, Eugene declared under penalty of perjury that he had bank accounts, retirement accounts, investments, real estate, and other assets, each worth "millions." (ECF No. 5 at 2.) He now declares that he has no assets.

Eugene argues that "he made mistakes" and has repeatedly told the court that he has no assets. The notion that Eugene falsely stating that he had assets worth "millions" was a mere mistake, perhaps a misunderstanding as to the nature or scope of the question, is not credible. In the absence of a credible explanation, the court must conclude that Eugene lied to the court.

In the context of a motion for leave to proceed without prepayment of the filing fee, the sort of untruthfulness that arises most often is a litigant falsely stating he is indigent. In that case, 28 U.S.C. § 1915 sets forth the consequences: if "the allegation of poverty is untrue," "the court shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Eugene's lies are of the opposite nature in that if he had only told the truth his motion to proceed without prepayment of the filing fee may well have been granted. A lie that is seemingly contrary to a litigant's interest might superficially seem like no big deal, but in the context of litigation any lie to the court is problematic.

> Litigation is about the search for truth, and getting to the truth depends on truth-telling throughout the judicial process. It is no exaggeration to say that the entire legal system relies on truth-telling.
>
> Lies create havoc, impose costs, and harm the system, even if the liar doesn't get what he or she wanted. There is an institutional interest in preserving the sanctity of the oath, and in ensuring that litigants tell the truth to the judiciary. *See McRoyal v. Commonwealth Edison Co.*, 263 Fed. Appx. 500, 2008 WL 345345, at *2 (7th Cir. 2008) ("Ms. McRoyal first submits that her case should not have been dismissed because, even if she lied on her petition to proceed in forma pauperis, those falsehoods were harmless because they did not result in the district court's granting her petition and she remains obligated to pay the filing fee. We cannot accept this reasoning. As the district court aptly noted in its order of March 27, 2007, the wrongful act of making false statements to the court is always harmful."). "No harm, no foul" doesn't really apply, because lying *is* a harm[.]
>
> From a deterrence perspective, litigants need to know that bad things can happen if they tell falsehoods to the court. Lowering the cost of lying — by imposing a sanction only if the IFP motion was *granted*, but not if it was denied — will lead to more lying.

*Franklin v. Maximus, Inc.*, No. 21-cv-4367, 2022 U.S. Dist. LEXIS 69061, at *7-8 (N.D. Ill. Apr. 14, 2022).

Accepting that Eugene lied when he declared under penalty of perjury that he had assets worth millions and that he is, in fact, indigent, the court nonetheless again denies both his motion for leave to proceed without prepayment of the filing fee both before this court and before the court of appeals. Lying to the court has consequences, and here that consequence is that he must prepay any filing fee in this case. His renewed motions (ECF Nos. 39, 42) are **denied**.

Again, because Eugene has filed a notice of appeal, this court cannot take any further action on his case. In effect, his case is on hold until his appeal is resolved. Eugene must pay the $5.00 filing fee within 28 days of the resolution of his pending appeal.

In accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), any written objection to any order herein or part thereof may be filed within fourteen days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of a party's right to review.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of May, 2023.

*[signature: William E. Duffin]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge