# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELISEE EUGENE,

        **Petitioner,**

v.                                      Case No. 22-CV-1433

STATE OF WISCONSIN,

        **Respondent.**

## RECOMMENDATION AND ORDER

Elisee Eugene is incarcerated at the Milwaukee County Jail pending trial in Milwaukee County Circuit Court. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the filing fee and the court must now screen his petition.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973))); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971) (internal citations omitted)) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); *Farrior v. Clark*, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A pretrial detainee will be held to have exhausted his remedies without waiting to raise them at trial only in "special circumstances." *Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489).

Exhaustion generally means that every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full

2

Case 2:22-cv-01433-WCG   Filed 08/21/23   Page 2 of 4   Document 55

opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Eugene's filings are difficult to understand but he, in part, complains about his extradition from Florida, the duration of his custody,[1] and the amount of his bond. (ECF No. 1 at 6-7.) He also filed a document captioned, "Motion Demanding to Add Parties and Statement of Claims." (ECF No. 13.) Although this document is unintelligible, it appears he is seeking damages. A habeas petition, however, does not permit the recovery of damages. *Nelson v. Campbell*, 541 U.S. 637, 646 (2004). Because the court cannot glean from the motion any plausible basis for relief, the motion will be denied.

It is clear from the record that Eugene has not fully exhausted the claims he seeks to present in his habeas petition. There is no hint that any exception to the total exhaustion rule would apply to excuse his failure to exhaust his state court remedies. Therefore, the court must recommend that Eugene's petition be dismissed.

Finally, on August 18, 2023, the court received from Eugene a document captioned, "Motion Requesting Emergency Proceeding of the Writ of Habeas Corpus for

---

[1] It appears that the state proceedings have become protracted because of issues related to Eugene's competency. *See* Wisconsin Circuit Court Access Program, Milwaukee Cnty. Cir. Ct. Case No. 2020CF004314, available at https://wcca.wicourts.gov; *see also* (ECF No. 53-1 at 2-9.)

State Prisoner." (ECF No. 54.) In this document he asks the court to proceed with the petition because he is in some unexplained manner of imminent danger. He fails to demonstrate any basis for relief, and therefore this motion will be denied.

**IT IS THEREFORE RECOMMENDED** that Eugene's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Eugene's "Motion Demanding to Add Parties and Statement of Claims." (ECF No. 13) is **denied**.

**IT IS FURTHER ORDERED** that Eugene's motion to proceed without prepayment of the filing fee (ECF No. 53) is **dismissed as moot**. Eugene has paid the filing fee.

**IT IS FURTHER ORDERED** that Eugene's "Motion Requesting Emergency Proceeding of the Writ of Habeas Corpus for State Prisoner" (ECF No. 54) is **denied**.

**IT IS FURTHER ORDERED** in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) that any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 21st day of August, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge